Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000124
25-FEB-2015
08:06 AM

NO. CAAP-12-0000124

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MICHAEL DEMING, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1P1120000029)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Defendant-Appellant Michael Deming (Deming), pro se, appeals from the Notice of Entry of Judgment and/or Order, filed on March 12, 2012 in the District Court of the First Circuit, Honolulu Division (district court).[1] Judgment was entered against Deming for violation of Revised Ordinances of Honolulu (ROH) § 10-1.2(a)(12) (Supp. 2012),[2] which prohibits entering or remaining in a public park during the night hours that the park

---

[1] The Honorable Dean E. Ochiai presided.

[2] ROH § 10-1.2(a)(12) provides:

> Sec. 10-1.2 Park rules and regulations.
> (a)   Within the limits of any public park, it is unlawful for any person to:
>
> . . . .
>
> (12)   Enter or remain in any public park during the night hours that the park is closed, provided that signs are posted indicating the hours that the park is closed[.]

is closed if signs are posted indicating the hours of park closure. Deming was fined $100 and ordered to pay a $30 fee pursuant to Hawaii Revised Statutes (HRS) § 351-62.6 (Supp. 2014).

On appeal, Deming asserts over sixteen (16) points of error. Many of Deming's points of error are duplicative, raise issues that he did not raise in the district court, or are not supported by any relevant argument.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Deming's points of error as follows and affirm.

Deming's opening brief fails to comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28 in numerous ways. For example, Deming's opening brief fails to provide a concise statement of the case providing record references to support his stated facts; Deming's points of error fail to indicate where in the record the alleged errors occurred, where in the record he objected to the alleged errors, or the manner in which the alleged errors were brought to the attention of the district court; Deming fails to provide substantive arguments in support of many points of error, and fails to cite to authorities, statutes and parts of the record relied upon. See HRAP 28(b). Notwithstanding Deming's noncompliance with HRAP 28, given his pro se status, we will address Deming's contentions to the extent they are discernible. Housing Finance & Dev. Corp. v. Ferguson, 91 Hawai'i 81, 85-86, 979 P.2d 1107, 1111-12 (1999).

**Points of Error 1(a), 2, 9, and 15** Deming claims there was insufficient evidence to convict him and that his sentence was grossly disproportionate to the offense. We do not agree. In this case, there was substantial evidence to support Deming's conviction. State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007).

ROH § 10-1.2(a)(12) prohibits a person from entering or remaining in any public park during the night hours that the park

is closed, provided that signs are posted indicating the hours that the park is closed. Officer Sean Costigan (Officer Costigan) cited Deming for being in Thomas Square Park at around 10:15 p.m. Officer Costigan testified that Thomas Square is a City and County of Honolulu park maintained by the Department of Parks and Recreation. "'Public park' means any park, . . . or other recreation area or facility under the control, maintenance and management of the department of parks and recreation." ROH § 10-1.1 (Supp. 2013). Therefore, Thomas Square is a public park within the meaning of ROH § 10-1.2.

Officer Costigan testified that there were at least four, but possibly six, signs posted at the park that stated the park was closed from 10 p.m. to 5 a.m. Deming was inside a public park during night hours when the public park was closed. There was substantial evidence of every element of the offense to support Deming's conviction for violating ROH § 10-1.2(a)(12). Therefore, points of error 1(a), 9, and 15 are without merit.

Violation of ROH 10-1.2(a)(12) is a petty misdemeanor. HRS § 701-107 (2014). The maximum penalty for violating ROH § 10-1.2(a)(12) is a $500 fine or 30 days imprisonment, or both. ROH § 10-1.6(d) (Supp. 2013). In addition, a $30 fee shall be imposed upon every defendant convicted for a petty misdemeanor. HRS § 351-62.6. Deming's sentence was a fine of $100 and imposition of the mandatory $30 fee. Deming does not state how his sanctions were grossly disproportionate to his conviction for violating ROH § 10-1.2(a)(12), and in any event, we conclude any argument in this regard lacks merit. Deming's point of error 2 lacks merit.

**Points of Error 1(b) and 14** Deming contends that the State erred in prosecuting the case as what he terms a "First Strike" and without a criminal information charge. Both contentions are without merit. Under ROH § 10-1.6(d)(1), there is no escalating penalty for multiple or repeated violations of ROH § 10-1.2(a)(12). Thus, the State did not specify and was not required to specify whether this was the first time that Deming

3

had violated ROH § 10-1.2(a)(12). Next, ROH § 10-1.6(b) (Supp. 2013) provides that a citation may be issued to violators in instances that do not mandate physical arrest. Deming was issued a citation by Officer Costigan for violation of ROH § 10-1.2(a)(12), which did not mandate arrest. The State was not required to issue Deming a criminal information charge.

**Point of Error 1(c)** Deming claims the State erred in creating, maintaining, and forwarding a substantive investigations file that implied he was a domestic terrorist associated with Occupy Honolulu to the Department of Homeland Security, N.S.A., F.B.I., Interpol, and other law enforcement agencies two months prior to a determination of his guilt in this case. The record is devoid of any such document or action by the State. Deming did not raise this claim in any of his numerous pretrial motions or at trial. Officer Costigan was not asked about and did not testify to an investigation file on Deming, whether Deming was believed to be a domestic terrorist, or whether Deming was associated with Occupy Honolulu. Therefore, point of error 1(c) is waived and without merit.

**Points of Error 3(a), 6(a), 6(b), 13(b), 13(c), and 13(d)** Deming contends that the district court improperly limited his right to cross-examine Officer Costigan and effectively violated the Confrontation Clauses of both the United States Constitution and the Hawai'i Constitution. Specifically, Deming states that the district court erred in prohibiting him from attacking Officer Costigan's credibility with evidence of bias, interest, or motive in violation of Hawai'i Rules of Evidence (HRE) Rules 404(b) and 609.1; the district court erred by limiting relevant evidence under HRE Rules 403 and 611; the district court prevented him from cross-examining Officer Costigan with substantive questions; the district court erred by sustaining the prosecution's objections based on relevance thereby not allowing Deming to investigate and identify inconsistencies and perjured statements by Officer Costigan and denying his objection to facially and/or materially defective

evidence presented by Officer Costigan pursuant to HRE Rule 609.1(a); and the district court erred by failing to allow him to substantively cross-examine Officer Costigan on the geographic location of his seizure and arrest, the geographic location of the park, and possible fabrications by Officer Costigan.[3]

Specifically, Deming claims that he sought to introduce evidence relevant to Officer Costigan's credibility, bias toward ordinary people in society, motive to discover and take credit for uncovering a domestic terrorist, interest in successful prosecution of this case to enhance his career status, inconsistent statements in the Incident Report and HPD Review and Reproduction Request, motive to fabricate statements, and attempt to elicit a confession without a Miranda[4] warning. Deming also claims that he was prohibited from asking Officer Costigan about his personal log of the arrest at issue; prohibited from asking questions about a police manual on protocol for arresting defendants in similar circumstances; prohibited from inquiring about Officer Costigan's educational background and ongoing training on criminal procedure; prohibited from asking Officer Costigan whether he was biased or predisposed to select Deming for a stop, seizure, and detention absent reasonable suspicion, probable cause, and a lack of a search warrant; and prohibited from inquiring about being profiled and having his file forwarded to the Department of Homeland Security.

While the right of cross-examination is protected by the Confrontation Clause, "it has never been held that this right is absolutely without restriction." State v. Balisbisana, 83

---

[3] Many of Deming's contentions stem from his argument that his cross-examination of Officer Costigan was impaired by the lack of documentary discovery provided by the State and denial of his pretrial motions. As discussed infra, Deming was afforded all of the documentary discovery that he was entitled to and all alleged errors on appeal with respect to the denial of his pretrial motions are without merit. Thus, Deming's ability to cross-examine Officer Costigan due to a lack of documentary evidence and denial of pretrial motions are not addressed again.

[4] Miranda v. Arizona, 384 U.S. 436 (1966).

Hawai'i 109, 114, 924 P.2d 1215, 1220 (1996) (citation and internal quotation mark omitted). Under HRE Rule 609.1(a), "[t]he credibility of a witness may be attacked by evidence of bias, interest or motive." However, "[t]he Sixth Amendment is satisfied where sufficient information is elicited to allow the jury to gauge adequately a witness' credibility and to assess his or her motives or possible bias." Balisbisana, 83 Hawai'i at 114, 924 P.2d at 1220 (citation, internal quotation marks and brackets omitted).

Review of the record on appeal reveals that Deming did not attempt to cross-examine Officer Costigan regarding numerous issues that he now raises in his appeal as areas of potential cross-examination. Thus, his contentions of obstruction by the district court as to those issues are without merit.

Moreover, as to the questions actually posed by Deming to Officer Costigan, there is no indication his points of error have any merit. For example, Deming asked Officer Costigan whether he respected all citizens of Hawai'i and whether he acts as a public servant on their behalf which Officer Costigan answered in the affirmative. When Deming asked whether Officer Costigan ever told anyone that he was not a public servant, the district court sustained the State's objection based on relevance. Thereafter, Deming did not make an offer of proof as to relevance to bias, interest, or motive. On appeal, Deming again offers no argument as to how alleged general bias toward ordinary people in society is relevant to the issues in this case. Deming made no attempt to question Officer Costigan about bias against him personally.

Deming questioned Officer Costigan about the existence of "an official Honolulu HPD police manual[.]" Officer Costigan responded that there were general policies but he was not sure that it was considered a manual. As for Deming's claim that he was not allowed to further question Officer Costigan about protocol for arresting defendants, it was not relevant because Deming was not arrested. Thus, even if Deming's cross-

examination into arrest protocol was prohibited, it was not erroneous.

Deming questioned Officer Costigan about the geographic location of the park and Officer Costigan recited the streets names surrounding Thomas Square.  Deming's attempt to use a map showing Thomas Square was precluded because the district court was satisfied with the evidence as to Thomas Square, stating that the court was familiar with the location, that Officer Costigan had testified he had observed Deming in the middle of the park by a Banyan tree, and the case was not about the sidewalk area.

Deming's cross-examination of Officer Costigan fully apprised the trier-of-fact of Officer Costigan's possible bias, interest, or motive in so far as Deming inquired about them. Deming presents no substantive argument in regards to his apparent challenge to rulings on objections.  Points of error 3(a), 6(a), 6(b), 13(b), 13(c), and 13(d) are without merit.

**Points of Error 3(b), 12, and 13(a)**  Deming contends that the district court erred by not striking Officer Costigan's testimony because Officer Costigan's Police Incident Report was materially and facially defective as a matter of law.

In his Opening Brief, Deming references a discrepancy in the HPD Incident Report that the location code indicates the incident took place at a "residence," not a "public park." Presumably, Deming raises this issue to demonstrate that Officer Costigan's testimony that the incident occurred in a public park is untrustworthy and challenges whether he was properly charged for violation of ROH § 10-1.2(a)(12).  After Deming's request to admit the Incident Report was granted, he did not raise the issue of the inconsistent location code and he did not impeach Officer Costigan with the Report.  In addition, in his Opening Brief, Deming states "[i]t is indisputed [sic] that the alleged crime scene where Appellant Deming's arrest took place was a public park known as 'Thomas Square'[.]"  Therefore, points of error 12 and 13(a) are waived.

Deming also contends the time of the incident listed on the Incident Report is inconsistent with Officer Costigan's testimony. The citation issued to Deming stated that the incident occurred at about 2215 hours. The "Date/Time/Reported" field in the Incident Report stated "12-21-11/2215." Officer Costigan testified that the incident occurred at about 10:15 p.m. Using a twenty-four hour clock, 2215 is 10:15 p.m. There was no evidence that the reported time of the incident was other than approximately 10:15 p.m. Therefore, point of error 3(b) is without merit.

**Points of Error 4 and 5** Deming contends the district court erred by not enforcing and/or quashing the subpoena duces tecum he served upon Officer Costigan and the HPD Custodian of Records. Deming sought by way of subpoena, in addition to documents related to his case, Officer Costigan's personal files, Officer Costigan's personnel file, copies of complaints against Officer Costigan, internal affairs investigations of Officer Costigan, and lawsuits against Officer Costigan.

Deming did not make a pretrial discovery request in accordance with Hawaiʻi Rules of Penal Procedure (HRPP) Rule 16. HRPP Rule 16(d) provides that "[u]pon a showing of materiality and if the request is reasonable, the court in its discretion may require disclosure as provided for in this Rule 16 in cases other than those in which the defendant is charged with a felony, but not in cases involving violations." Moreover, for non-felony cases, HRPP Rule 16.1(b) provides that "[i]f discovery is sought of materials that would be discoverable in felony cases pursuant to these rules, a request for discovery shall be made to the opposing side in writing and shall list the specific materials being sought." Although Deming did not make a proper discovery request, the district court took up the issue with the State in open court and the State provided all discovery to Deming that would have been available had he made a proper discovery request.

The district court also denied Deming's motion to enforce the subpoenas. Deming served upon Officer Costigan and

8

the Custodian of Records of the Honolulu Police Department (HPD) subpoenas duces tecum. The right to compel production of documents by subpoena pursuant to HRPP Rule 17(b) is not "a rule providing for an additional means of discovery." Honolulu Police Dep't v. Town, 122 Hawai'i 204, 214, 225 P.3d 646, 656 (2010) (citation and quotation mark omitted). The right to compel production of documents pursuant to a subpoena is limited to the production of evidence, not the production of documents that provide leads to potential evidence. Id. In this case, Deming attempted to use subpoenas duces tecum to obtain documents as part of a fishing expedition for apparent impeachment purposes. This is contrary to the purpose of HRPP Rule 17(b). See State v. LeVasseur, 1 Haw. App. 19, 28, 613 P.2d 1328, 1334 (1980) (holding that the defense's subpoena to peruse records to ascertain whether exculpatory evidence existed was too generalized and "did not meet the requirements of specificity and particularization required by HRPP [Rule] 17(b)").

Therefore, the district court did not err by denying Deming's motion to enforce the subpoenas duces tecum.

**Points of Error 7(a) and 7(b)** Deming contends the district court erred by denying his "Motion to Suppress the warrantless search, seizure, questioning and one hour detention of [Deming]." Deming was not arrested and Officer Costigan denied detaining Deming other than for a few minutes to issue a citation. There is no contrary evidence. Moreover, Officer Costigan testified that he could not recall if Deming made any statements to him during the few minutes it took to issue the citation to Deming, and Officer Costigan also did not frisk Deming for weapons or otherwise search Deming during the encounter. Thus, there was no evidence or statements by Deming to suppress. Therefore, points of error 7(a) and 7(b) are without merit.

**Points of Error 8(a) and 8(b)** Deming contends that the district court erred by failing to hold a pretrial probable cause hearing and failed to hold a substantive pretrial motion hearing

9

on his numerous pretrial motions. Both contentions are without merit. Pursuant to HRPP Rule 5(b) regarding offenses other than a felony, when the offense is charged by a citation and the defendant was not arrested, there is no right to a preliminary hearing at which probable cause is determined. Furthermore, contrary to Deming's claim, the district court held a hearing and decided all of Deming's pretrial motions prior to testimony by the first witness at trial.

**Point of Error 10** Deming contends the district court erred by denying his Motion in Limine to preclude the State from calling witnesses and submitting evidence because the State produced three pages of discovery immediately prior to trial on February 23, 2012, despite the documents being in the State's possession since the day after the incident, December 22, 2011. Deming filed his Motion in Limine on January 30, 2012. At no time did Deming argue that his Motion in Limine should be granted due to the timing of the State's discovery production. Therefore, this argument is waived. HRAP Rule 28(b)(4).

**Point of Error 11** Deming contends the district court erred by denying his Motion for Mistrial because the State produced three pages of discovery at trial and did not turn over copies until after opening statements were made. Contrary to Deming's claim, the record reflects that the State produced the copies prior to opening statements. Also, neither of Deming's two motions for a mistrial made during trial were based upon the State's production of discovery. Therefore, this argument is waived. HRAP Rule 28(b)(4).

**Point of Error 16** Deming contends the district court erred by allowing into evidence Officer Costigan's Incident Report and a HPD Review and Reproduction Service Request which profiled Deming as affiliated with Occupy Honolulu and a domestic terrorist suspect when there was no proof of his involvement with Occupy Honolulu. The documents do not appear to profile Deming as he asserts. In any event, the district court admitted both

10

reports into evidence at Deming's request. Thus, Deming cannot claim error from the admission of the exhibits.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order, filed on March 12, 2012, in the District Court of the First Circuit, Honolulu Division is affirmed.

DATED: Honolulu, Hawaiʻi, February 25, 2015.

On the briefs:

Michael E. Deming
Defendant-Appellant, pro se

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

11